IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL E. TAYLOR,

    Petitioner,

v.

CASE NO. 2:08-CV-245
JUDGE GRAHAM
MAGISTRATE JUDGE KING

SAMUEL A. TAMBI, Warden,

    Respondent.

## OPINION AND ORDER

On May 12, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Doc. No. 10. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 11. For the reasons that follow, petitioner's objections are **OVERRULED** and this action is hereby **DISMISSED.**

Petitioner claims in this action that he was denied his right to due process when the state trial court imposed consecutive terms of incarceration without statutory authority to do so. The Magistrate Judge recommended that the claim, and this action, be dismissed on the merits. In his objections, petitioner again raises all the same arguments he previously presented. Petitioner contends that the trial court's imposition of consecutive sentences after *State v. Foster*, 109 Ohio St.3d 1 (2006), constituted an unreasonable

application of federal law as determined by the United States Supreme Court and an unreasonable determination of the facts in light of the evidence presented. Petitioner further argues that the Ohio Supreme Court's decision in *State v. Bates,* 118 Ohio St.3d 174 (2008), relied upon by respondent, *see Return of Writ*, is inapposite and erroneous. *See Objections*. Petitioner's arguments are not persuasive.

> The AEDPA limits the source of law to cases directed by the United States Supreme Court. 28 U.S.C. § 2254(d) prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).
>
> To justify a grant of habeas relief under § 2254(d), a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its *dicta,* as of the time of the relevant state court decision. *Williams v. Taylor,* 529 U.S. 362 (2000). The Supreme Court in *Williams* held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*

*Williams v. Lavigne,* 2006 WL 2524220 (W.D. Michigan August 30, 2006). Petitioner has

2

failed to meet this standard here.

The crux of petitioner's argument involves the interpretation of state law. Petitioner has failed to refer to any decisions of the United States Supreme Court indicating that he is entitled to relief. Additionally, the Ohio Supreme Court in *State v. Bates*, 118 Ohio St.3d 174, 179 (2008), rejected petitioner's argument that the Ohio courts lack jurisdiction, after *Foster*, to impose consecutive sentences:

> The severance and excision of former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph four of the syllabus, leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic "purposes and principles of sentencing" provision articulated and set forth in R.C. 2929.11 and 2929.12. As a result, the common-law presumptions are reinstated. 73 *American Jurisprudence 2d* (2007), "Statutes," Section 271 (the repeal of a statute that abrogates the common law operates to reinstate the common-law rule). Such a conclusion is also consistent with the perspective of the Ohio Criminal Sentencing Commission, which opined that after *Foster,* judges have broader discretion within felony ranges to impose definite and consecutive sentences. Diroll, A Decade of Sentencing Reform, A Sentencing Commission Staff Report (Mar. 2007) 19. In particular, "[j]udges are no longer guided to give concurrent sentences unless circumstances argue that consecutive sentences are more appropriate." *Id*.
>
> Accordingly, the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently, and we hold that the trial court may impose a prison sentence to be served consecutively to a prison sentence imposed on the same offender by another Ohio court. *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; *Stewart,* 174 Ohio St. at 181, 22 O.O.2d

116, 187 N.E.2d 888.

*Id*. Petitioner contends that *Bates* is inapplicable because the Ohio Supreme Court was not addressing the precise issue raised herein[1] and did not consider the impact of O.R.C. 5145.01.[2] Petitioner also argues that *Bates,* as well as the decision of the state appellate court

---

[1] Although the precise issue before the Ohio Supreme Court in *Bates* was "whether, after *Foster,* a trial court imposing a sentence for a new felony conviction may order that sentence to be served consecutively to a sentence previously imposed for a separate felony conviction in a different Ohio court," and the Ohio Supreme Court concluded that it could, the parties in *Bates* agreed that a trial court could impose consecutive prison terms on multiple felony convictions adjudicated in the same proceeding, which is the issue challenged by petitioner herein. *Bates, supra*, at 188 Ohio St.3d at 176.

[2] O.R.C. §5145.01 provides:

Courts shall impose sentences to a state correctional institution for felonies pursuant to sections 2929.13 and 2929.14 of the Revised Code. All prison terms may be ended in the manner provided by law, but no prison term shall exceed the maximum term provided for the felony of which the prisoner was convicted as extended pursuant to section 2929.141 or 2967.28 of the Revised Code.

If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply. If sentenced consecutively, for the purposes of sections 5145.01 to 5145.27 of the Revised Code, the prisoner shall be held to be serving one continuous term of imprisonment.

If a court imposes a sentence to a state correctional institution for a felony of the fourth or fifth degree, the department of rehabilitation and correction, notwithstanding the court's designation of a state correctional institution as the place of service of the sentence, may designate that the person sentenced is to be housed in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse if authorized pursuant to section 5120.161 of the Revised Code.

rejecting petitioner's claim in this action, were wrongly decided. However, and as discussed by the Magistrate Judge, a federal court may grant habeas corpus relief only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). This Court agrees with the Magistrate Judge's conclusion that the petitioner's claim is necessarily based on the state courts' interpretation of state law and therefore does not warrant federal habeas corpus relief. Further, petitioner has referred to, and this Court is aware of, no decision of the United States Supreme Court even suggesting that petitioner is entitled to relief. The federal due process clause is simply not implicated when a state court imposes consecutive sentences in a manner that appears to be authorized by state law.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action

---

> If, through oversight or otherwise, a person is sentenced to a state correctional institution under a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but the person shall be subject to the liabilities of such sections and receive the benefits thereof, as if the person had been sentenced in the manner required by this section.
>
> As used in this section, "prison term" has the same meaning as in section 2929.01 of the Revised Code.

5

is hereby **DISMISSED.**

It is so ORDERED.

                                      s/ James L. Graham
                                      JAMES L. GRAHAM
                                      United States District Judge

DATE: June 4, 2009